By the Court. Campbell, J.
This was an action for assault and battery, tried before one of the justices of this court and a jury in the spring of 1852, and a verdict rendered in favor of the plaintiff for $2500. A motion is now made on the part of the defendant, to set aside the judgment entered on the ground that the judge had erred in refusing the defendant permission to read the pleadings to the jury, and had excluded the evidence offered in mitigation of damages.
*317 It was purely a matter of discretion with the judge whether he would allow the pleadings to be read. He might call upon the counsel to read them, or to state their substance, if it was necessary to enable the court to understand the issues which were raised and were to be tried. The pleadings, which are presumed to be statements in legal form of those facts, which constitute the charge or defence of the parties, are for the consideration of the court. When evidence for the consideration of the jury is offered, or given, to sustain or establish those facts, it becomes necessary for the court to understand what issues are raised, and which are properly triable m the case. The facts stated in the pleadings, except so far as admitted, could not be considered by the jury until proved by competent testimony. In this case there was a long answer, admitting the assault, but setting up various causes of provocation which had arisen at different periods previous. The reply took issue and denied these causes of provocation. Thus upon the face of the pleading as they stood when the cause was brought on for trial, issues were joined in a simple action of assault and battery, the disposition of which would call for inquiries into the history, conduct, standing in society, and grievances of these parties, and extending through a series of years. It is very manifest that the judge ought not to allow those issues to be tried in such an action. The correct practice, says Justice Bafculo in a similar case (Fox v. Hunt, 8th Howard, Pr. R. 12), is at the circuit to lay out of the case all the irrelevant allegations, as well as the immaterial issues contained in the pleadings, and hold the parties to trial upon the material issues or points in the case. As most of the issues raised by the pleadings in this case could not be placed before the jury for their consideration, the judge, we think, very properly refused permission to the counsel to read the pleadings to the jury.
The evidence, which the defendant offered in mitigation of damages, and which was excluded by the judge, was not admissible. Whatever were the real or fancied causes of provocation, and which were offered to be proved, if they existed, they were known to the defendant a long time prior to the assault. They were not of recent occurrence, had not just come to the knowledge of the defendant, and especially did not happen at *318 the time of the assault. In one of the oldest reported cases in this country, decided now nearly half a century ago (Avery v. Ray et al., 1 Mass. Rep. 11), it was ruled that in an action for assault and battery the defendant may give in evidence in mitigation of damages, immediate provocation, such as happened at the time of the assault, but not such as happened previously. Mr. Justice Ledyard said in that case that he should be in favor of admitting evidence of provocation given in mitigation of damages upon a liberal scale, but to admit such evidence where the blood has had time to cool would be extending the rule so as to render it impossible to say where the court should stop.
In the leading case in this state, that of Lee v. Woolsey, 19 John. 319, Chief Justice Spencer remarked, “It appears to me neither,to comport with sound policy nor law to allow an inquiry into antecedent facts in such a case as this, unless they are fairly to be considered as parts of one and the same transaction. A contrary course would greatly encourage breaches of the peace, personal rencounters, and every species of brutal force, and would tend to uncivilize the community.” The rule as first laid down in tMs country, so far as we find in Avery v. Bay, prevails, with scarcely an exception, if indeed there is any, in all the states of this Union, and its justness and policy have been dwelt upon, and favorably considered, in a large number of cases. It is the established rule in this state, and has been followed and recognised in several cases decided since that of Lee v. Woolsey. We see no reason in this case to depart from it. There were some other minor questions raised, but which were not pressed at the argument, and which were of little moment. We think them correctly determined at the trial.
The judgment appealed from must be affirmed.