CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1870.

## EDWARD KAHN v. LEWIS LOVE.

NEGLIGENCE.—Where an occupant of a building sues the owner for damages for an injury to the plaintiff's person, caused by the unsafe condition of the building, he must show that the unsafe condition of the building is not the fault of the plaintiff.

LANDLORD AND TENANT—REPAIRS.—A tenant has no remedy against a landlord for suffering premises to be out of repair, unless the landlord has agreed to repair.

THE case is presented upon demurrer to the complaint. The facts alleged are, substantially, that the defendant, being owner of certain premises in the city of Portland, leased the building to the plaintiff and his two brothers; that a framed awning, attached to and part of the building, extending over a sidewalk of the public street, was badly constructed and insufficient, unsafe and dangerous to the

occupants of said building and to persons using the sidewalk; that the plaintiff, being ordered by the street commissioner to remove the snow from the awning, went upon it, without negligence or fault, and with care and caution; but from the insufficiency and defects aforesaid, it broke, causing the plaintiff to fall and to be greatly injured. The plaintiff lays his damages at $25,000.

*Caples & Moreland,* for the plaintiff.

*Logan, Shattuck & Killan,* for the defendant.

UPTON, J. The complaint is silent as to the terms of the lease; it contains on that subject but the single allegation that the plaintiff and his two brothers "used and occupied the same as tenants of the said Lewis Love, and paid him therefor a stated sum as rent." The complaint contains the following: "By the laws and ordinances of the city of Portland it was made the duty of the defendant to make such repairs as might be necessary for the safety of travelers and persons traveling along and upon said street in front of said lot."

It is not to be presumed that the lease contained any covenants not expressly charged in the complaint. It does not clearly appear whether or not the defects in the awning existed at the time the tenants took possession, and I am not aware that it is a material point in the case.

"It is not in the power of the tenant to make repairs at the expense of his landlord unless there be a special agreement between them authorizing him to do this.

"The tenant takes the premises for better or for worse, and cannot involve the landlord in expense for repairs without his consent." (*Mumford* v. *Brown,* 6 Cow. 475.)

A tenant has no remedy against a landlord for suffering premises to be out of repair, unless the landlord has agreed to keep it in repair. Unless there be an express agreement to that effect, the tenant, whether for life, for years, or at will, cannot compel him to repair. (*Howard* v. *Doolittle,* 3 Duer, 464.)

For aught that appears in the complaint, the improper condition may have been the fault of the plaintiff.

The statement in general terms that the plaintiff exercised due care and caution on that particular occasion is not sufficient. The plaintiff in an action for damages occasioned by the defendant's negligence, must so frame his complaint as not to leave an inference that he was guilty of negligence that contributed to the injury; and the facts must show affirmatively that the injury was caused by the negligence of the defendant.

The demurrer is sustained.(1)

---

CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1870.

---

1. The plaintiff amended his complaint, and the case being tried by jury, the defendant had a verdict.