J. F. HACKMAN ET AL., Respondents, v. JOHN MAGUIRE, Appellant.

### St. Louis Court of Appeals, January 5, 1886.

1. TRIAL PRACTICE—OPENING STATEMENT.—The trial court may permit the plaintiff, in his opening statement to the jury, to omit the reading of the pleadings.

2. APPELLATE PRACTICE—NON-SUIT.—An appellate court will not reverse a judgment because of the trial court's refusal to give an instruction of non-suit, where the record recites that the "plaintiffs introduced other evidence tending to establish the allegations in their pleadings."

3. ——— INSTRUCTIONS.—Under such a recital in the record, the appellate court will not review the action of the trial court, in refusing instructions limiting the jury to the consideration of particular facts.

4. TRIAL PRACTICE—INSTRUCTIONS.—It is error to single out particular facts in evidence, which are not in themselves conclusive, and put the case to the jury upon them.

5. ——— TRUSTEES—PERSONAL LIABILITY.—A legal owner of property as trustee under a will, who contracts debts in the management of it, is liable personally to a creditor irrespective of whether he acted as an individual or as trustee in creating the debt.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

C. P. & J. D. JOHNSON, for the appellant.

L. L. SEWARD, for the respondents.

THOMPSON, J., delivered the opinion of the court.

The petition states that the defendant owes the plaintiffs $322.53 for goods sold and delivered by the plaintiffs to the defendant, according to an itemized account filed with the petition. The answer is a general denial.

I. After the plaintiffs' counsel had made their

opening statement to the jury and called a witness, the defendant's counsel objected to the introduction of any evidence until the pleadings had been read. The court overruled the objection, remarking at the same time that the defendant's counsel might read them if he desired. The trial then proceeded without the pleadings having been read to the jury, and this is the first error complained of. We think the point is not well taken. This, like many other matters relating to the conduct of a trial, rests in the sound discretion of the court, and, on well settled grounds, the exercise of this discretion is not subject to review, on appeal, unless it plainly appear that it has been abused. For aught that we can see, the issue may have been properly stated by the plaintiffs' counsel to the jury, and if so, the reading of the pleadings may not have been necessary. Clearly, no abuse of discretion is exhibited in this respect. *Willis v. Forrest,* 2 Duer 310; *Drew v. Andrews,* 8 Hun 23.

II. According to the bill of exceptions, the plaintiffs gave evidence tending to show "that the defendant, John Maguire, was one of two trustees under the will of George R. Taylor, deceased; and as such owned certain hotel property in the city of St. Louis, known as Barnum's Hotel. That prior to the first day of March, 1883, Messrs. Cobb and Dean were the lessees of said property, and conducted a hotel therein under the name of Barnum's Hotel." That there were numerous boarders and guests in the house; that said Cobb and Dean abandoned the hotel and left the city, occasioning much confusion among the boarders and guests of the hotel. That many of the boarders and guests left, but a large portion remained. That on or about the second day of April, 1883, the defendant, as trustee, put the said Trumpbour in charge of said hotel as manager, for the purpose of carrying on the same until other arrangements could be made; that thereafter, until about the first day of February, 1884, the said Trumpbour managed and carried on said hotel under the name of "Barnum's Hotel." That from time to time during that

period the plaintiffs sold and delivered to and at said hotel, under the name of Barnum's Hotel, supplies of different kinds. That prior to the first day of December, 1883, plaintiffs were paid by the said Trumpbour for all supplies delivered during the current month, at the first of the succeeding month. That prior to the first day of January, 1884, the plaintiffs did not know that the said Trumpbour was managing said hotel as the agent of the defendant. That said Trumpbour being unable to pay to the plaintiffs a bill of supplies furnished during the month of December, 1883, said Trumpbour informed him for the first time that he was managing the said hotel as the agent of the defendant. That the debt sued for was for supplies furnished to the said hotel between the first day of December, 1883, and the thirty-first day of January, 1884, and that they amounted to $322.53, and plaintiffs had not been paid therefor. That said property had been used as a hotel, under the name of "Barnum's Hotel" for upwards of twenty years, and that defendant had been a clerk therein for many years prior to the second day of April, 1883. That the bills for the supplies furnished by plaintiffs, were made out to "Barnum's Hotel." Plaintiffs introduced other evidence tending to establish the allegations in their pleadings herein, and thereupon rested.

The defendant contends that there was here no evidence to go to the jury in support of the plaintiffs' petition, and he bases his contention on the ground that there is no evidence disclosed in the above recitals that the defendant ever authorized Trumpbour to purchase the goods sued on, or any other goods on the credit of the defendant, or to contract any debts in the exercise of his agency as manager of the hotel. We should say that the defendant's instruction for a non-suit should have been given if it were not for the last recital in the record that, "plaintiffs introduced other evidence tending to establish the allegations in their pleadings herein" This general recital puts an end to the argument that the court should have non-suited the plaintiffs.

III. It is contended that the court erred in refusing the fifth instruction offered by the defendant. This was as follows:

"5. The jurors are further instructed that to entitle plaintiffs to recover, they must believe from the evidence that the defendant authorized the said Trumpbour to purchase for him the goods specified in the petition; therefore, if they believe that no such authority was given to the said Trumpbour by the defendant, they must find a verdict for the defendant."

Upon the record, as made up, it is clear that we can not say that the court erred in refusing this instruction. The petition alleges that certain goods were sold and delivered by the plaintiffs to the defendant, and contains no averment of the agency of any one for the defendant. The bill of exceptions recites that the plaintiffs introduced other evidence tending to show the allegations in their pleadings. What that evidence was, we can only conjecture, but we certainly can not hold that the court erred in refusing to instruct the jury that the plaintiffs could not recover unless they should believe that the defendant contracted by a duly authorized agent, when the record distinctly admits that there was other evidence tending to show his liability, and the inference is not excluded that he may have been liable on other grounds. It would have been error to give the instruction, because it would have been a violation of the rule, oft repeated, that it is error for the court to single out a single hypothesis in the evidence, and leaving out of view the others, to tell the jury that if they should find that hypothesis to be true, they should render a verdict for the one party or the other. *Iron Mountain Bank v. Murdock*, 62 Mo. 70; *Koenig v. Life Ass'n*, 3 Mo. App. 596.

IV. It is clear that there is nothing in the instructions given which affords ground for reversing the judgment. The first and second, so far as they were against the defendant, merely cautioned the jury that if he was liable on other grounds it was immaterial whether

he acted as an individual or as a trustee, and this was unquestionably a proper cautionary instruction.

The judgment of the circuit court must be affirmed. It is so ordered. All the judges concur.