MARY ROGAN, Respondent, v. JOHN DOCKERY, Appellant.

**St. Louis Court of Appeals, November 9, 1886.**

1. APPELLATE PROCEDURE—EXCEPTIONS — EVIDENCE — NON-SUIT.—A general statement, following a detailed statement of the evidence in a bill of exceptions, that there was oral evidence tending to support the instructions given, is conclusive against a claim that the plaintiff should have been non-suited for want of evidence showing a right of recovery, if the hypothetical facts stated in the instructions show a legal right of recovery.

2. LANDLORD AND TENANT—REPAIRS.—In the absence of any agreement to keep leased premises in repair, a landlord is under no legal obligation to his tenant to do so.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and remanded.*

JEWETT & L. J. SMITH, for the appellant: The landlord's promise to repair the premises after the tenant has entered is without consideration and void. Taylor, L. & T., sect. 329; *Sibley v. Telford*, 48 Me. 316. The tenant is bound to keep the demised premises in repair. Taylor, L. & T., sect. 327; *Val v. Weld*, 17 Mo. 232; *Griffith v. Lewis*, 17 Mo. App. 614.

JOHN A. GILLIAM and JOHN W. DRABELLE, for the respondent: Dockery was bound, as a landlord, to make repairs, the tenancy being from month to month. *Griffith v. Lewis*, 17 Mo. App. 613; *Gandy v. Jubber*, 5 Best & Smith, 78. Dockery was also liable as a landlord, because he had no responsible superior, and he was agent of no one. Story's Agency, sect. 264, p. 310 [7 Ed.]; sect. 280, p. 352 [7 Ed.]; *Blakely v. Benecke*, 59 Mo. 193. By inducing Mrs. Rogan to rent these prem-

ises, and afterwards giving her permission to continue to use the steps until he got them repaired, Dockery became directly liably to her for the injury she sustained. *Sweeney v. Railroad*, 10 Allen, 374; *Market v. St. Louis*, 56 Mo. 189.

THOMPSON, J., delivered the opinion of the court.

This was an action by a tenant against her landlord for damages for a personal injury received by her through the non-repair of the demised premises. There was a jury trial and a verdict and judgment for the plaintiff. The bill of exceptions, after setting out the substance of the evidence, recites that "there was other oral evidence tending to support the instructions given to the jury." As it is not claimed in the points submitted to us by the appellant that the court erred in refusing instructions, we can, in this state of the record, look no further than to see that the instructions which were given were correct in point of law. This recital, moreover, precludes us from holding that the defendant was entitled to have the plaintiff non-suited, because it is a distinct notification that the bill of exceptions does not contain all the evidence. *Hackman v. Maguire*, 20 Mo. App. 286. In the case just cited the general recital in the bill of exceptions was that "plaintiffs introduced other evidence tending to establish the allegations in their pleadings herein," and we held that, in the face of this recital, we could not say upon the record that the defendant was entitled to have the plaintiff non-suited. The rule must be equally applicable, under the recital that "there was other oral evidence tending to support the instructions given to the jury," unless these instructions were bad in point of law; for if they were good in point of law, and if there was evidence in the case to which they were applicable, the court was warranted in submitting them to the jury; and if the court was warranted in submitting any questions of fact to the jury,

manifestly the defendant could not have been entitled to an instruction for a non-suit.

The first instruction given for the plaintiff was erroneous because it embodied the proposition that, in a tenancy from month to month, as this was, the landlord is bound, as matter of law, to repair such a defect in the premises as was shown by the evidence. As between the landlord and the tenant, the landlord is not liable to repair at all, unless he undertakes to do so. The general rule is that there is no warranty by the landlord to the tenant that the demised premises are in good repair or fit for any particular use (*Jaffe v. Harteau*, 56 N. Y. 398; *O'Brien v. Capwell*, 59 Barb. 497; *Cleaves v. Willoughby*, 7 Hill, 83; *Post v. Vetter*, 2 E. D. Smith, 48; *Howard v. Doolittle*, 3 Duer, 464; *Robbins v. Mount*, 4 Robbt. 553; *Flynn v. Hatton*, 43 How. Pr. 333; *Sutton v. Temple*, 12 Mees. & W. 52; *Hart v. Windsor*, 12 Mees. & W. 68; *Chappell v. Gregory*, 34 Beav. 250; *Carstairs v. Taylor*, L. R. 6 Exch. 217; *Dutton v. Gerrish*, 9 Cush. 242; *Royce v. Guggenheim*, 106 Mass. 201; *Loupe v. Wood*, 51 Cal. 586; *Elliot v. Aiken*, 45 N. H. 30; *Scott v. Simons*, 54 N. H. 430); and that the tenant has no remedy against the landlord for suffering the premises to get out of repair, unless the landlord has agreed to keep them in repair. *Kahn v. Love*, 3 Or. 206; *Mumford v. Brown*, 6 Cow. 475; *Howard v. Doolittle*, 3 Duer, 364; *Brewster v. DeFremery*, 33 Cal. 341; *Sherwood v. Seaman*, 2 Bosw. 127; *Doupe v. Genin*, 45 N. Y. 119; s. c., 37 How. Pr. 5; 1 Sweeny, 25; *Joyce v. DeGiverville*, 2 Mo. App. 596.

The landlord may, indeed, be liable *to a stranger* for allowing a nuisance to collect on his premises in consequence of his failure to keep them in repair, as we held in *Griffith v. Lewis* (17 Mo. App. 605), because the law casts upon the owners of real property the general duty of keeping such property free from nuisances, and because it would be unreasonable to cast upon a tenant

from month to month the duty of making expensive repairs for the purpose of abating a nuisance which he did not create. But it by no means follows from this that the landlord will be so liable to his tenant. His liability to strangers is grounded on the general duty, that is formulated in the maxim, *sic utere tuo ut alienum non laedas*, of so using his property as not to injure that of others. But his obligation to his tenant rests in contract only, and, in the absence of a statute or of an express agreement, is governed by the implication which the law annexes to the contract, which is, that the tenant is willing, for the rent agreed to be paid, to take the premises as he finds them, subject to any inconveniences or dangers which may attend his occupancy of them. Because the tenant is not liable to a stranger to repair, it does not follow that the landlord is liable to the tenant. The tenant of a term from month to month is not so liable to a stranger, because he has not agreed to become so, and the law does not annex the obligation to so short a term. For a similar reason the landlord is not in general so liable to the tenant; unless he has agreed to become so, the law does not annex to him the obligation.

It thus appears that the case was submitted to the jury on a theory of a landlord's liability to his tenant which was fundamentally erroneous; and this renders it unnecessary to consider the other questions which have been argued.

The judgment is reversed and the cause remanded. All the judges concur.