Anna M. Tisdale, Respondent, *v.* The President, Managers and Company of the Delaware and Hudson Canal Company, Appellant.

It is not error for the court to permit counsel in summing up a cause on trial to read portions of the pleadings of the adverse party, although not put in evidence, and by proper comments to explain and point out the facts in issue. Nor is it rendered incompetent by the fact that by stipulation the issues are modified by admissions of some of the facts; the pleadings and the stipulation may properly be considered and construed together.

No presumption of harm, therefore, arises from the fact that counsel read a portion of his opponent's pleadings to the jury, and commented thereon; and while there may be cases where such a course would be injurious, and if allowed, under proper objections and exceptions, would be good ground for an appeal, in order to be available, a complete history of the transaction should appear in the record so that the appellate court may determine as to whether it was prejudicial.

Where an appeal presents debatable questions not settled at the time it was brought, damages, by way of costs for the delay caused by the appeal authorized by the Code of Civil Procedure (§ 3251), will not be allowed.

(Argued October 16, 1889; decided October 29, 1889.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 1, 1886, which affirmed a judgment, in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The plaintiff alleged in her complaint that in October, 1883, the defendant, a railroad corporation, operated a railroad passing over a bridge at Fort Edward, New York; that on the twenty-second of that month, said bridge, through the negligence of the defendant, gave way as a train of its cars was passing over; that said train was thereby wrecked and the plaintiff, a passenger thereon, was thrown therewith about thirty feet into the bed of the feeder below and permanently injured

The defendant, by its verified answer, denied any knowledge or information sufficient to form a belief as to the following allegations of the complaint: " That plaintiff was a passenger on the cars of defendant October 22, 1883, or at any other time; that plaintiff was injured in the accident at Fort Edward, October 22, 1883, or at any other time or place; that plaintiff was injured for life, suffered pain or anguish, or had her clothing damaged; that she has been put to expense, or will be, to cure herself of said alleged injuries."

The defendant further denied, upon information and belief, " that it had been guilty of any carelessness or negligence in failing to build or maintain a bridge in a good and safe condition and of strength sufficient to enable its cars and locomotives to pass over the same in safety at Fort Edward, or elsewhere, and in allowing the same to become or remain in an unsafe, insecure or dilapidated condition, or by reason of any act, omission or thing whatsoever    *    *    *    that it has been guilty of any carelessness, negligence, breach of duty, or violation of agreement with or toward this plaintiff, or that plaintiff has been injured or damaged in any sum by reason of any fault of theirs."

Before the commencement of the trial the defendant stipu-

lated in writing that it would "admit its liability to plaintiff for damages in consequence of the fall of the railroad bridge over the feeder at Fort Edward, thus narrowing the issues in this case to the plaintiff's injury and the amount of damages suffered by her."

Further facts appear in the opinion.

*Edgar L. Fursman* for appellant.   It was error to permit plaintiff's counsel, notwithstanding the defendant's objection and exception in summing up to the jury, to read the answer to them, and to comment thereon, the answer not having been put in evidence.   (8 J. & S. 395; *Koelges* v. *G. L. Ins. Co.,* 57 N. Y. 638; *Fash* v. *T. A. R. R. Co.,* 1 Daly, 148; *Willis* v. *Forrest,* 2 Duer, 310, 312, 317; *Drew* v. *Andrews,* 8.Hun, 28.)   The pleadings were not evidence beyond the portion thereof admitted in the answer.   (*Payne* v. *K. C. Mfg. Co.,* 2 Hun, 673; *Brown* v. *Klock,* 5 N. Y. Sup. 245, 248; *Whitney* v. *Town of Ticonderoga,* 24 N. Y. S. R. 950; Abbott's Trial Brief, 65, 69, subd. 11, 137.)   It is not essential that it should appear that "harm" must have resulted from this error.   It is enough if the court can see that harm may have resulted from it.   (*Anderson* v. *R., etc., R. R. Co.,* 54 N. Y. 334; *Hutchins* v. *Hutchins,* 98 id. 56.)

*Amasa J. Parker* for respondent.   Plaintiff's counsel had a right in summing up the case to read as he did a portion of the answer.   (*Monticello* v. *Grant,* 104 Ind. 168, 170; *New Albany* v. *Vincennes,* 62 id. 345, 347; *Boots* v. *Canine,* 94 id. 417; *Colter* v. *Galloway,* 68 id. 210, 219; *Huston* v. *Gilbert,* 40 Hun, 638; *White* v. *Smith,* 46 N. Y. 418; *Rowe* v. *Conly,* 2 N. Y. Civ. Pro. Rep. 425; *Fash* v. *T. A. R. Co.,* 1 Daly, 148; *McKinney* v. *Hartman,* 4 Iowa, 154; *Trabue* v. *North,* 2 A. K. Marsh. 361.)

VANN, J.   Upon the trial of this action the counsel for the plaintiff, while addressing the jury at the close of the evidence, was reading a portion of the answer when the counsel for the defendant objected upon the ground that it was not in evi-

dence, and was inadmissible and immaterial under the stipulation in the case. The court overruled the objection and gave the defendant an exception. The plaintiff's counsel, thereupon, by permission of the court, continued to read the answer, or portions thereof, to the jury and also made comments upon it, the defendant duly excepting. The record before us does not disclose the nature of the comments made by counsel upon the answer, and for aught that appears they may have been moderate, fair and harmless.

The object of pleadings is to define the issue between the parties and when an issue of fact is tried before a jury they cannot appreciate the evidence, as it is given, unless they know the nature of the issues to be decided. Hence it is customary and proper for counsel, in opening, to tell the jury what the issues are as well as what they expect to prove. In some states the case is ordinarily opened by reading the pleadings. (1 Thompson on Trials, § 260.) The pleadings are before the court, not as evidence, but to point out the object to which evidence is to be directed. While a party sometimes formally reads in evidence the pleading of his adversary, or some part thereof containing a distinct and unconditional admission, no legal advantage is gained thereby, as the admissions, properly so-called, contained in an adverse pleading admit of no controversy and require no proof. (*Paige* v. *Willet*, 38 N. Y. 28; *White* v. *Smith*, 46 id. 418; *Cook* v. *Barr*, 44 id. 156, 158; *Fleischmann* v *Stern*, 90 id. 110, 114; *Dunham* v. *Cudlipp*, 94 id. 129, 133; Code Civ. Pro. § 522)

It is the duty of the court, in charging the jury, to state the issues of fact raised by the pleadings. While this is commonly done in a summary way by stating the precise questions of fact to be decided, no reason is perceived why it may not be done by reading and analyzing the pleadings, when they are not complicated, and thus pointing out the issues and the position of the respective parties. It is evident, therefore, that the established practice does not require that the contents of the pleading should be concealed from the jury, as improper

evidence is required to be kept from their attention. On the contrary, as the pleadings mark the boundaries within which the proof must fall, counsel upon either side are permitted to point out where they claim those boundaries are, before they introduce their evidence. So, when summing up, they restate the issues in order to logically apply the evidence to them. If they do not agree as to the construction of the pleadings, a question of law is presented, and it becomes the duty of the court to construe them, to determine their legal effect and meaning, and to instruct the jury accordingly. In this case the answer was modified, but not superseded, by the stipulation, and in order to state the issues and point out what was admitted and what denied, it was necessary to construe the complaint, answer and stipulation together. While the stipulation narrowed the issues to the injury inflicted upon the plaintiff and the amount of damages sustained by her, as it was alleged in the complaint, and not denied by the answer as modified, that she was precipitated with the falling bridge and train a distance of about thirty feet into the bed of the feeder, this became an admitted fact, important to be known by the jury, as it bore directly upon the extent of the injury. The fright naturally caused by being thrown that distance, amidst the crash of the breaking bridge and falling train, was also important.

Was it not within the discretion of the trial court to permit counsel, in summing up for the plaintiff, to call the attention of the jury to this allegation of the complaint, and to show by reading and by proper comments, fairly explaining the answer, that it was not denied? It does not appear that more than this, or that even as much as this, was done upon the occasion in question. We are not informed by the record how much or what part of the answer was read, nor what comments were made by counsel thereupon. The part read may have been unimportant, and the comments made may have been immaterial. No presumption of harm arises from the fact that a party has read a portion of his opponent's pleading to the jury, and has commented upon the same. Cases may

arise where such a course, if allowed by the court after objection, would be palpably injurious and furnish good ground for an appeal, but in order to be available a complete history of the transaction, including all that was said and done, should be spread before the appellate court. Otherwise it would be unable to determine whether the alleged error was prejudicial or not.

If the court should permit an improper question to be asked, an exception based thereon would be worthless unless the answer of the witness was stated, as it might have been irresponsive and immaterial. Even if the record showed that the question was answered, the exception would still be unavailing, unless the character of the answer appeared. So the comments of counsel for the plaintiff in this case may have been injurious to the defendant, but they are not presumed to have been so, and as they have not been presented to us we are unable to determine whether they were or not.

This position is supported by the authorities so far as the subject has been before the courts. (*Willis* v. *Forrest*, 2 Duer, 310, 317; *Rowe* v. *Comley*, 2 N. Y. Civ. Pro. Rep. 424, 427; *Colter* v. *Galloway*, *supra*; *Boots* v. *Canine*, *supra*.)

In a case recently before this court the record shows that " while addressing the jury, the counsel for the plaintiff was about to read to the jury a portion of the defendant's answer, when the defendant's counsel objected upon the ground that the answer was not in evidence and that it was improper to read the same; the court overruled the objection and the plaintiff's counsel read to the jury and commented upon certain parts of the answer, to all which the defendant's counsel duly excepted;" thus presenting a state of facts almost identical, with those now under consideration. The point was not regarded as of enough weight to reverse the judgment, as it was affirmed both by the General Term and the Court of Appeals. (*Huston* v. *Gilbert*, 113 N. Y. 622; 40 Hun, 638.)

We have examined the exceptions relating to the admission of evidence, but found nothing that should disturb the judgment.

We have also considered the claim of the respondent that the court should award damages, by way of costs, for the delay caused by this appeal, under section 3251 of the Code of Civil Procedure, but as the appeal presented debatable questions that had not been settled at the time it was brought, we do not think that the application should be granted.

The judgment should be affirmed, with costs.

All concur, BRADLEY, J., in result, POTTER, J., not sitting. Judgment affirmed.