LUCIEN S. CRANDALL, Respondent, v. ERNEST R. BARRON and Others, as Executors of the Last Will and Testament of JAMES DENSMORE, Deceased, Appellants.

*Libel — charge as to the proper measure of damages.*

In an action to recover damages for an alleged libel, in which the plaintiff was charged to be "a veritable liar and scoundrel," and to have had immoral relations with women, the judge charged the jury, among other things, that "if Lucien Crandall is a lecherous man, if he is an immoral man in his relations with women, and he has any character besides that, he is entitled to have it protected. If he is a liar and a scoundrel, and is not an impure man, he is entitled to be protected."

*Held,* that the charge was erroneous and was calculated to draw the minds of the jurors aside from the proper rule in respect to damages.

Appeal by the defendants from a judgment, entered in the office of the clerk of the county of Cortland on the 10th day of February, 1887, in favor of the plaintiff; and also from an order denying a motion for a new trial, made upon the minutes of said court, and entered in the office of the clerk of Cortland county on February 11, 1887, after a trial at the Cortland Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $10,000.

The action was brought to recover damages alleged to have been caused to the plaintiff by a libel written by the defendant James Densmore with respect to the plaintiff, which, among other things, stated " Crandall is a veritable liar and scoundrel; " and also

charging that the said Crandall had been guilty of certain immoralities in cohabiting with a married woman.

*A. P. Smith,* for the appellants.

*F. & T. E. Courtney, W. P. Goodelle* and *J. E. Eggleston,* for the respondent.

HARDIN, P. J.:

In the course of the charge delivered to the jury, the trial judge observed : " It is your duty, as jurors, to extend this protection not only to the man who is poor, not only to the man who is ignorant, but the meanest man in your county, in your State, has the same right as the best citizen to come into court, and you have got to give him just the same protection. Let me illustrate this by referring to a case which was tried before me. A man in Broome county sued a bridge company in New Jersey for negligence, in consequence of which a guy rope broke while they were erecting a bridge, and knocked him off from an abutment nineteen feet in height. To save himself he whirled about as he was struck, and jumped, striking upon his feet. He was made a cripple for life. Upon that trial the defense sought to show, and did show, that the reason why that man was crippled for life was because he was badly diseased with syphilis, claiming for that reason they were not responsible for the damages in that case. After some examination of the question I instructed the jury and found myself thoroughly backed up by the Court of Appeals; that it was not for the defendants in that action to punish that man for his sins against God or against society. He was entitled to the same damages as if his life had always been a moral life, and, more than that, if by reason of his own vices he was in such a condition that his damages were greater than they would otherwise have been, he was entitled to recover greater damages than if he had been a sound man. Applying this principle to this case, if Lucien Crandall is a lecherous man, if he is an immoral man in his relations with women, and he has any character left besides that, he is entitled to have it protected. If he is a liar and a scoundrel, and is not an impure man, he is entitled to be protected, and it is your duty and it is my duty to protect him. It is a solemn duty and you must not be carried away by

passion or prejudice, but remember that the beauty of our law, the purity and integrity of our courts, consist in equal and exact justice to every suitor who comes into court." An exception was taken to that part of the charge where the court said: "That if Lucien Crandall is a lecherous man, and he has any character besides, that he had a right to protection, etc., and your duty is an important duty," etc.

It seems to me that the rule laid down by the learned trial judge in that portion of the charge quoted, and the comments thereon, were erroneous, and that the exception was well taken. The language of the charge was calculated to draw the mind of the jury aside from the proper rule in respect to damages; it may have been prejudicial in producing the large verdict rendered by the jury. It seems to me we ought not to accept a verdict coming from a jury after such instructions as were delivered to them in this case. Without passing upon the numerous other exceptions found in the appeal book, I find myself constrained to vote for a reversal of the order and judgment.

Order and judgment reversed and a new trial ordered, with costs to abide the event.

MERWIN, J.:

I think this judgment should be reversed. That portion of the charge referred to by the presiding justice, would, I think, be likely to mislead the jury. Besides, I am of the opinion that the trial court improperly, under the circumstances of this case, allowed the letter of 1883 to be read by plaintiff's counsel to the jury at the opening of the case.

MARTIN, J. (dissenting):

The only ground of reversal upon which a majority of the court agree is, that the exceptions taken by the defendant to the portion of the charge quoted in the opinion of the presiding justice were well taken. The whole of the charge upon that subject was as follows:

"GENTLEMEN OF THE JURY. — A man has the natural right, as it is called, to protect himself, to fight for his protection. He has the right, the natural right, to protect his person, to protect his property, to protect his reputation. Writers upon social science say that when

a man enters civilized society he surrenders the right of protecting himself, his person, his property and his reputation in consideration of the agreement of society or the government to protect him. Therefore the citizen has a lawful right, and a right founded upon a consideration, to call upon the government and the laws of his country, if he is assaulted in his person, in his property or his reputation, to call for protection. It would be a worthless government which did not protect its citizens. A government extends the *ægis* of its protection over all citizens alike ; over the high and the low, the rich and the poor, the moral and the immoral. Every citizen has the same right to come into court and demand the same protection. So, gentlemen, it is our duty, it is your duty as jurors, to extend this protection not only to the man who is poor, not only to the man who is ignorant, but the meanest man in your country, in your State, has the same right as the best citizen to come into court, and you have got to give him just the same protection. Let me illustrate this by referring to a case which was tried before me. A man in Broome county sued a bridge company in New Jersey for negligence in consequence of which a guy rope broke while they were erecting a bridge, and knocked him off from an abutment nineteen feet in height. To save himself he whirled about as he was struck and jumped, striking upon his feet. He was made a cripple for life. Upon that trial the defense sought to show, and did show, that the reason why that man was crippled for life was because he was badly diseased with syphilis, claiming for that reason they were not responsible for the damages in that case. After some examination of the question I instructed the jury, and found myself thoroughly backed up by the Court of Appeals, that it was not for the defendants in that action to punish that man for his sins against God or against society. He was entitled to the same damages as if his life had been a moral life ; and, more than that, if by reason of his own vices he was in such a condition that his damages were greater than they would otherwise have been, he was entitled to recover greater damages than if he had been a sound man.

Applying this principle to this case, if Lucien Crandall is a lecherous man, if he is an immoral man in his relations with women, and he has any character left besides that, he is entitled to have it protected. If he is a liar and a scoundrel, and is not an impure man,

he is entitled to be protected; and it is your duty and it is my duty to protect him. It is a solemn duty, and you must not be carried away by passion or prejudice, but remember that the beauty of our law, the purity and integrity of our courts consist in equal and exact justice to every suitor who comes into court." To this portion of the charge the following exceptions were taken: " We except to that part of the charge about the case of negligence mentioned by the court as proper to this case, and what the court said upon that subject; also where the court said that if Lucien Crandall is a lecherous man, and he has any character besides, that he had a right to protection, etc., and your duty is an important duty," etc.

From a careful examination of the whole charge it seems to me that the manifest purpose and effect of this portion of it was to impress upon the jury the duty of determining the question of the defendant's liability from the evidence, uncontrolled by any extrinsic facts or circumstances which did not relate to the libel for which the plaintiff sought to recover in this action, and to instruct it that, even though the plaintiff's character was not perfect in certain respects, it did not bar the plaintiff's right to a recovery for a libel upon his character in other respects. The language of the court in applying to the case the illustration given was, " If Lucien Crandall is a lecherous man, if he is an immoral man in his relations with women, *and he has any character left besides that, he is entitled to have it protected.*" Thus the application of this illustration was limited to the statement that a person who has any character left may maintain an action for an injury to it, although his character in other respects may not be perfect. As thus limited, it was not, I think, the subject of a valid exception. It will be observed that the court, in this portion of the charge, was not discussing the question of the amount of damages which the plaintiff might recover, but was simply instructing the jury as to the right of the plaintiff to maintain the action, his right to come into court and seek redress for such injury as he had actually sustained. I can discover no reason for holding that this portion of the charge was erroneous, nor do I think it " was calculated to withdraw the mind of the jury aside from the proper rule in respect to damages." The court, in another portion of the charge, instructed the jury upon the question of damages. If the charge upon that question was not full enough,

or was in any way unsatisfactory to the defendant, he should have requested the court to charge more fully upon the question or excepted to that portion of the charge as made.

On the trial Mr. Courtney, the plaintiff's counsel, proposed to read a letter written by the defendant under the date of March 21, 1883. This letter was partially set out in the complaint and set out in full in the defendant's answer. When the plaintiff proposed to read the letter the defendant's counsel said : " The letter he proposes to read is barred by the statute and we will object to its being read in the case, and we object to it until it is admitted in the case. We object to their reading the letter in their opening. We do not object to their stating what they propose to prove." .

The COURT — Of course, if this evidence is incompetent to go to the jury, the court ought not to permit it to be gotten before the jury by indirection or by the reading of it in the opening. It is difficult for me to say whether this can be given before the jury or not until the question arises.　＊　＊　＊

PLAINTIFF'S COUNSEL — It is set up in the answer in full.

The COURT — You may read the answer.

DEFENDANT'S COUNSEL — We except to the ruling of the court permitting them to read the answer.

The COURT — It is stated by the counsel, and conceded, that this letter is set up in the answer and is justified by the special plea of justification in the answer.

DEFENDANT'S COUNSEL — And also that the statute of limitations is set up against it.

Answer read to jury.

I do not think it can be properly said that this ruling was erroneous or that the court abused its discretion in permitting the plaintiff to read the defendant's answer in opening the case to the jury. The correctness of this ruling seems to be fully sustained by the authorities. (*Tisdale* v. *D. and H. C. Co.*, 116 N. Y., 416; *Holmes* v. *Jones*, 31 N. Y. S. Rep., 379, 381.)

These views lead me to dissent from the opinions of my brethren in this case.

Judgment and order reversed upon the exceptions and a new trial ordered, with costs to abide the event.