ROSCOE LUMBER CO. v. STANDARD SILICA CEMENT CO.

(Supreme Court, Appellate Division, Second Department. June 14, 1901.)

**1. NUISANCE—CEMENT WORKS—INJUNCTION.**

Injunction will not lie to restrain the operation of cement works situated in a manufacturing district on the ground that ·the dust therefrom constitutes a nuisance, where it is shown that such works are lawful, and that the dust occasions no more injury than that occasioned by the dust from other manufactories, and the streets, and by the elements.

**2. EVIDENCE—BILL OF PARTICULARS—ADMISSIBILITY.**

Though, under Code Civ. Proc. § 522, providing that each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true, a bill of particulars, regarded as an amplification of the complaint, is admissible as evidence of facts stated, and not controverted by the answer, such bill is not admissible as evidence against the defendant, where the latter put in issue all the material matters amplified by such bill.

Appeal from special term, Queens county.

Action by the Roscoe Lumber Company against the Standard Silica Cement Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Alexander Thain (Theodore T. Baylor, on the brief), for appellant. Charles C. Marshall (Stephen G. Williams, on the brief), for respondent.

WOODWARD, J. The plaintiff, the Roscoe Lumber Company, has a lumber yard in the borough of Queens, which it has occu: pied since December, 1894. The defendant, the Standard Silica Cement Company, secured premises adjoining those of the plaintiff in October, 1895, and began the manufacture of cement. Both of these industries are located in a᾿ manufacturing neighborhood, the only residences being over saloons, two or three in number; and as to these there is no complaint. It is conceded that in the manufacture of the defendant's product a fine dust is created, which it has been found impracticable, though to the latter's interest, to entirely confine to the merchantable output, and that this dust floats in the air, and lodges upon adjacent premises. This action is brought to restrain the defendant from operating its plant, it being alleged that this dust discharged into the atmosphere constitutes a nuisance, doing important injury to the lumber and other property of the plaintiff. Upon the trial of the action at special term the court found, upon a conflict of evidence, that:

"The business of the defendant is a lawful one, nothing unlawful in its character having been shown. The dust of carbonate of lime is not a nuisance, and has not been so shown by the testimony in this case. The plaintiff corporation has suffered, from the proof in this case, as I find, no injury to its lumber from the deposit of dust upon that lumber which would not have been occasioned by the deposit of dust from the other manufactories, and the streets, and from the elements. Hence my con-

clusion, and I direct judgment for the defendant, dismissing the complaint, with costs of the action."

The plaintiff duly excepted to the decision of the court, and the case is before us on appeal.

The rule is well settled that, if one carry on a lawful trade or business in such a manner as to prove a nuisance to his neighbor, he must answer in damages. And it is not necessary to a right of action that the owner shall be driven from his dwelling; it is enough that the enjoyment of life and property be rendered uncomfortable. Bohan v. Gaslight Co., 122 N. Y. 18, 23, 25 N. E. 246, 9 L. R. A. 711. But it is equally true that nuisance is always a question of fact, to be determined upon the evidence. Rosenheimer v. Gaslight Co., 36 App. Div. 1, 5, 55 N. Y. Supp. 192. The evidence in this case shows that the incidental projection of dust from the defendant's factory, in a manufacturing district, was not a nuisance; that it did not work the injury to the plaintiff's property which was alleged in the complaint, and which the latter was bound to establish in order that it might be entitled to the relief demanded. The rule sought to be applied in this case, if once established, would practically close every factory in the state, and no considerations of public policy or private rights demand any such sacrifice of material industries.

We find no error in the court refusing to receive in evidence the so-called "bill of particulars." It appears that the defendant asked for a bill of particulars, that the paper under consideration was served as such bill of particulars, and that it was not satisfactory to the defendant. Upon the trial, defendant's counsel, in cross-examining the plaintiff's president, who had verified the complaint and the bill of particulars, asked if the facts stated in the bill of particulars were true, and some other questions along the same line. Subsequently plaintiff's counsel offered the bill of particulars in evidence, contending that, as the bill had been referred to in the cross-examination, it was proper that it should appear in the record. The offer of the bill of particulars was rejected by the court, and plaintiff took an exception, bringing the question here for review. A bill of particulars is an amplification, or more particular specification, of the matter set forth in the pleading (Enc. Pl. & Prac. 318, and authorities cited), and is designed to restrict the proofs and limit the recovery or set-off to the matters which have been put in issue by the pleadings. When the bill is furnished, it is deemed a part of the declaration, plea, or notice to which it relates, and is construed in the same way as though it had originally been incorporated in it. The particulars cannot be evidence against the party furnishing them in any case, or for any purpose, where the pleading or notice to which the bill relates would not be evidence (Starkweather v. Kittle, 17 Wend. 20, 22; Enc. Pl. & Prac. 542), and, as their force as evidence is governed by the rules applicable to admissions generally (Gillett, Ind. & Col. Ev. § 3; 1 Greenl. Ev. 212, 551; Cook v. Barr, 44 N. Y. 156, 158; Code Civ. Proc. § 522), it is obvious that the facts stated in a bill of particulars cannot be admitted as evidence against the defendant, for they

are not the defendant's admissions. Section 522 of the Code of Civil Procedure provides that "each material allegation of the complaint, not controverted by the answer, and each material allegation of new matter in the answer, not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true"; and to this extent, no doubt, the bill of particulars, regarded as an amplification of the complaint, would be evidence of the facts stated and which were not controverted by the answer. But the plaintiff sought to go further, and to introduce its own bill of particulars as evidence against the defendant, although the latter had, by its answer, put in issue all of the material matters amplified by the bill of particulars. While a party sometimes formally reads in evidence the pleading of his adversary, or some part thereof, containing a distinct and unconditional admission, no legal advantage is gained thereby, as the admissions, properly so called, contained in an adverse pleading, admit of no controversy, and require no proof. Tisdale v. President, etc., 116 N. Y. 416, 419, 22 N. E. 700, and authorities there cited; Holmes v. Jones, 121 N. Y. 461, 466, 24 N. E. 701. The pleadings are before the court, not as evidence, but to point out the object to which evidence is to be directed; and if any of the material allegations of the complaint or answer, as amplified by a bill of particulars, are not controverted, no issue is presented, so that, in any event, the plaintiff has suffered no prejudice from a refusal of the court to formally admit its bill of particulars as evidence. The bill of particulars in the present case related to the damages, while the real issue was whether the defendant was maintaining a nuisance; and, the court having reached the conclusion—very properly, as we believe—that it was not justified in issuing an injunction, the question of evidence in relation to the damages is not very material at best. It is not to be doubted that a bill of particulars containing admissions might be used in a different action as evidence of the facts admitted, if it was shown that the admissions were made with the knowledge and sanction of the party making such bill of particulars (Eisenlord v. Clum, 126 N. Y. 552, 559, 27 N. E. 1024, 12 L. R. A. 836; Hutchins v. Van Vechten, 140 N. Y. 115, 118, 35 N. E. 446); but we know of no rule which would permit their admission as against the party who did not make them, except as provided in section 522 of the Code of Civil Procedure.

The plaintiff having failed to show ground for the interposition of a court of equity, the judgment appealed from should be affirmed, with costs. All concur.