(83 App. Div. 263.)

### FIELD et al. v. SURPLESS et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. LANDLORD AND TENANT—DAMAGE TO PREMISES—TENANTABLE CONDITION—EVIDENCE—SUFFICIENCY.

A lease provided that, if the premises should be partially damaged by fire the lessor should repair, and rent should cease for the portion of the premises untenantable until made tenantable. The premises were damaged and the offices rendered temporarily untenantable on March 15th. Defendants did not occupy the offices again until June 16th, but plaintiff claimed the premises were tenantable June 1st. Plaintiff's evidence showed that the work was completed May 30th, and on June 2d the architect so certified; that the only work done after May 30th was done at the request of defendants, and was finished June 2d. The only evidence contradicting that of plaintiff was that of one of defendants, who testified that men were working up to June 7th painting and kalsomining. Defendants occupied a part of the premises during all the period, but did not move into the offices until June 16th. *Held*, that a finding that the premises were not tenantable on the 2d of June was against the weight of evidence.

2. TRIAL—CLOSING TO JURY—REFERENCE TO PLEADINGS.

The allegations of a pleading are admissions of record, proper for the consideration of the jury, and binding on the party making them, and may be referred to by counsel in closing to the jury, though not introduced in evidence.

Appeal from Trial Term, New York County.

Action by Cortlandt De P. Field and another, as surviving trustees, etc., against James Surpless and others. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry H. Man, for appellants.
Thomas J. Surpless, for respondents.

INGRAHAM, J. The question presented on this appeal is as to the liability of the defendants for rent for June, 1902, under a lease of the premises No. 55 Warren street, in the city of New York. The plaintiffs leased to the defendants the premises in question. The rent reserved was $166.67 per month. A fire occurred on the premises on

March 15, 1902, which rendered the premises temporarily untenantable. The rent for the month of March having been paid in advance, it was conceded that the defendants were entitled to a credit for one-half of the rent that had been paid for that month. The plaintiffs allege that the premises were repaired so as to be tenantable on the 1st of June, of which the defendants had notice, and that, therefore, the plaintiffs were entitled to recover the sum of $166.67 for the month of June, less $83.34, one-half of the March rent, which had been received by the plaintiffs, and for which the defendants were entitled to credit. The answer alleged that the defendants did not occupy the premises until June 16th, and, consequently, the defendants were liable only for one-half of the June rent. The only question in dispute was as to the condition of the premises between June 1st and June 16th. The plaintiffs introduced in evidence the lease, and rested. One of the defendants was then called, and testified that he remembered that men sent by the plaintiffs were working in the building on June 7th; that that was the last day that they were working there; that he had a conversation with the contractor and architect in charge of the repairs on May 31st, and with them went over the building; that the architect told the witness that he would have additional work done; that at that time the ceiling needed to be overhauled and painted again, and the side walls and the basement and the subcellar were to be kalsomined; that this kalsomining was being done until the 7th of June; that the defendants returned to the premises and occupied them on the afternoon of June 14th; that from the time of the fire down to June 14th a part of the defendants' stock remained upon the premises, although they had their office elsewhere; that some of their employés also remained in the premises during all this period; and that on the 7th of June the workmen took all their pails and pots and bags away, and did not afterwards return. On behalf of the plaintiffs, a carpenter who did the repairs testified that he was employed by the insurance company to repair the building; that the damages to the premises occupied by the defendants was water damage only; that the witness had to paint the ceilings and nail them up; that on Decoration Day—the 30th of May—men were at work all that day, and thereafter nothing remained to be done; that on June 2d the architect had certified that the work was completed, and the witness was then entitled to his final payment; that the witness had no conversation with either of the defendants after May 30th as to the work to be done upon the premises; that it was not true that workmen were working in the building on Saturday, June 7th; that the last day they worked was on the 30th of May, upon which day the men were washing and kalsomining in the subcellar; that the only work done after the 30th of May was that at the request of the defendants another coat of paint was put on the ceiling of the store, and that was put on on the 2d of June, and finished that day. The architect testified that the premises were all in a tenantable condition on the 31st of May, and that on that day they were in as good a condition as before the fire. The answer does not allege that the premises were in an untenantable condition on the 1st of June, or continued in such condition between the 1st and 16th

of June; nor does the evidence tend to establish that they were in an untenantable condition. To meet the testimony of the plaintiffs that the repairs were all completed and the men had stopped working on the 30th of May, the defendants introduced evidence that there were men working in the building, kalsomining, on the 7th of June. The defendants seem to have occupied the premises during all the period, but did not occupy the offices until June 16th, according to their own testimony, some time after the injury caused by the fire had been repaired. The fact that workmen were employed in the building is not evidence that the repairs had not been completed and the premises made tenantable. There is nothing to show that it was not entirely practicable for the defendants to have moved in on the 2d of June if they had desired.

The clause of the lease in question provided that, "in case the premises hereby leased shall be partially damaged by fire, the same shall be repaired at the expense of the parties of the first part, and, in case the damage shall be so extensive as to render the said premises untenantable, the rent shall cease for the portion so untenantable until the same shall be made tenantable." Under this provision the payment of rent was to be suspended until the premises should be made tenantable. The testimony produced by the plaintiffs shows that the building was tenantable on the 2d of June. The evidence of the defendants is not inconsistent with this testimony of the plaintiffs, and I think a finding that the premises were not tenantable on the 2d of June is against the weight of evidence, and for that reason the judgment must be reversed.

There is another question that is presented to which attention should be called. When plaintiffs' counsel was summing up, he called the attention of the jury to the allegations of the defendants' answer, when the defendants' counsel objected, and the court thereupon ruled that counsel was not entitled to read from or refer to the contents of a pleading without putting it in evidence, to which ruling the plaintiffs' counsel excepted. This was clearly error. The allegations of a pleading are admissions upon the record, and are not only proper for the consideration of the jury, but are binding upon the party making them. Such admissions are always before the court and jury upon a trial of the case. Tisdale v. President, etc., 116 N. Y. 416, 22 N. E. 700; Holmes v. Jones, 121 N. Y. 467, 24 N. E. 701. It was clearly error, therefore, for the court to refuse to allow the counsel to call the attention of the jury upon the decision of this question of fact to the admissions contained in the answer.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.