## GESUALDI v. PERSONENI.

(Supreme Court, Appellate Term.　April 8, 1911.)

1. SALES (§ 383*)—BREACH OF CONTRACT—EVIDENCE OF DAMAGES.

In an action for breach by defendant of a contract to purchase a certain medicine of plaintiff at a fixed price per bottle, testimony of plaintiff as to his "loss of profits," without proof of the actual cost of the medicine to him, did not constitute proof of damages.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 383.*]

2. CONTRACTS (§ 303*)—PERFORMANCE—EXCUSES FOR NONPERFORMANCE—OPERATION OF LAW.

Performance of a contract is excused, where the execution thereof becomes illegal.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 303.*]

3. SALES (§ 387*)—BREACH OF CONTRACT—NONPERFORMANCE—JURY QUESTIONS.

In an action for breach by defendant of a contract to purchase a medicine of plaintiff, where defendant alleged that under the pure food law (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]) the sale of the medicine had become unlawful, the court should have interpreted the act as applied to the facts in the case, leaving to the jury the question whether, on the facts, the goods came within its inhibition.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1108; Dec. Dig. § 387.*]

4. NEW TRIAL (§ 29*)—GROUNDS—REMARKS OF COUNSEL.

Where plaintiff's counsel persistently, and in defiance of repeated rulings of the court, and over defendant's objection, commented in his summing up on the answer, in order to convince the jury that defendant was guilty of perjury, because he had sworn to a defense on which he offered no proof, defendant's motion for a mistrial should have been granted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 43, 44; Dec. Dig. § 29.*]

5. TRIAL (§ 115*)—REMARKS OF COUNSEL.

The rule that a pleading may be read to the jury does not permit counsel to predicate a charge of perjury on the withdrawal of a defense, and the consequent failure to offer evidence in support thereof. ·

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 279-283, 298; Dec. Dig. § 115.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Gesualdi against Joseph Personeni.　Judgment for plaintiff, and defendant appeals.　Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.　·

Antonio C. Astarita (Louis O. Van Doren, of counsel), for appellant.

J. Philip Berg (J. Aspinwall Hodge, of counsel), for respondent.

BIJUR, J.　The complaint in this action seeks a recovery against the defendant for breach of an agreement dated February 17, 1907. The plaintiff having a 10-year contract from November 1, 1905, with one Prof. Arena of Naples, Italy, giving plaintiff the right of sale in America of a certain medicine compounded by said Arena, agreed with the defendant to give him the exclusive distribution in the United States of the said medicine at a fixed price of 45 cents a bottle.　The defendant agreed to purchase an annual quantity of 4,800 bottles dur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the balance of the term of 10 years. The agreement further provides that, in case of a breach by either party, the other should give 3 months' notice requiring compliance, in default of which compliance a liability should attach to the breach, not to exceed $1,000.

The complaint alleged that, after defendant had ordered and taken about 2,000 bottles, he refused to purchase any more; that the cost of the medicine to plaintiff was 30 cents a bottle, duty paid (plaintiff having agreed to pay the duty and get the goods through the custom house), leaving a profit to plaintiff of 15 cents a bottle, wherefore damages to the amount of $1,000 were prayed. The answer, in substance, admitted the agreement, and set up certain separate defenses, raising the issues on which the case was tried.

The first defense was one of false representations made by plaintiff to the effect that the merchandise was a "good seller," and composed of pure drugs, etc., and not subject to atmospheric changes or decomposition. The second defense, pleaded also as a counterclaim, was to the effect that on 500 bottles purchased the defendant sustained a loss of nearly $600 through its becoming unmerchantable. The third defense set out that under the pure food law (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]), as enforced by regulations to take effect October 1, 1907 (since the making of the contract), the sale of the articles as then put up (labeled and wrapped) had become unlawful. A verdict was returned for the plaintiff in the amount of $1,000, and judgment entered thereon.

On this appeal the defendant urges: First. That there was no competent proof of damage in that plaintiff merely testified to the amount of his "profits." Second. That the court erred in not interpreting the pure food act as applicable to the facts disclosed in the case, but leaving to the jury the entire question of the meaning of the act, as well as the facts and circumstances to which, in the case at bar, it was to be applied. Furthermore, it is urged that the finding of the jury, even on the facts, under this point, was against the evidence. Third. The defendant claims that he should have been allowed a mistrial, owing to the obtrusion of false issues by plaintiff's counsel on the summing up, in defiance of the instructions and directions of the trial judge. It is to be noted that the defense of misrepresentation was withdrawn at the trial.

[1] 1. As to the proof of damages, plaintiff's only testimony is of his "loss of profits," to which repeated objection was taken. In the absence of proof of the actual cost of the goods to the plaintiff, no damages were properly proved; and for this, among other reasons, the judgment will have to be reversed.

[2] 2. Under the circumstances of this case, it is quite plain that if, by reason of regulations lawfully adopted by the federal government under the pure food law, the execution of the contract had become illegal, performance by the defendant would be excused. Adler v. Miles, 126 N. Y. Supp. 135. [3] It was, therefore, the duty of the trial court to interpret the act as applied to the circumstances in this case as developed at the trial, leaving to the jury the question whether on the facts, the goods came within the inhibition of the law.

Apart from that, however, it is perfectly plain from the record that the bottles, as then packed, violated the law in that (apart from other considerations) the label showed only 8 per cent. alcohol, whereas it is admitted that the package contained 15 per cent. The verdict, therefore, so far as this item is concerned, was against the evidence.

There was a further issue involved by this same state of facts, namely, whether the plaintiff declined to have the label changed to conform to the law, as suggested by the defendant, until defendant would take 2,000 bottles in the old packages then ready for transmission by Prof. Arena. This issue was also not clearly defined in the charge; but the evidence seems to establish almost beyond doubt that the plaintiff insisted on the condition hereinabove referred to. As, however, the old form of package violated the law, the defendant was not at fault, and cannot be charged with breach of the contract, by reason of his refusal to give further orders.

[4] 3. The record shows that plaintiff's counsel persistently, in face, and virtually in defiance, of repeated rulings of the court, and over defendant's strenuous objection, commented, in the summing up, upon the answer, in order to convince the jury that defendant had been guilty of perjury, because he had sworn to the defense of misrepresentation, on which he had offered no proof. As a result, defendant moved for a mistrial, which was denied. I think it should have been granted.

[5] The plaintiff respondent appeals to the rule that a pleading may always be read to the jury, and cites in his support Tisdale v. Del. & H. C. Co., 116 N. Y. 416, 22 N. E. 700. The rule, however, is there stated with great particularity, and its application limited to certain practical purposes connected with the definition of the issues of the case. It certainly does not permit counsel to predicate on the withdrawal of a defense, and the consequent failure to offer evidence in support thereof, a charge of perjury.

Respondent pretends that the record does not show that plaintiff's counsel charged the defendant with perjury. Naturally the record cannot show remarks made by counsel before they were taken down. It does show statements by defendant's counsel, when moving for a mistrial, reciting the language of plaintiff's counsel, which statements were not controverted or objected to. This sufficiently indicates that the objection was valid, and based on a correct version of what had transpired.

The attitude of the court was manifestly one of great patience under the circumstances; but due regard for the interest of a party in litigation cannot be permitted to go to the extent of allowing his counsel to persistently disobey the proper directions of the court, and to obtrude irrelevant and improper issues, which could not fail to affect the minds of the jury and prejudice the substantial rights of the adverse party.

For these reasons, the judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.