C. J. O'BRIEN, INC., Appellant, *v.* WILLIAM E. D. STOKES, Respondent.

First Department, July 2, 1920.

Contracts — action to recover for services in publishing books — verdict against weight of evidence — trial — argument of counsel — right to read from answer not in evidence.

In an action to recover for services in the publication of a book, *held*, that the verdict of the jury in favor of the defendant was against the weight of the evidence.

The plaintiff's counsel in summing up may read to the jury from the answer, although it has not been placed in evidence.

APPEAL by the plaintiff, C. J. O'Brien, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of December, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of December, 1919, denying the plaintiff's motion for a new trial made upon the minutes.

*Alfred E. Ommen,* for the appellant.

*I. Gainsburg* of counsel [*Hastings & Gleason,* attorneys], for the respondent.

SMITH, J.:

The action was brought to recover for services in the publication of a book at the request of the defendant who was its author. The defendant claims that the services did not comply with the contract under which the book was published, more especially by reason of the fact that the book was published upon paper five by seven inches, instead of paper six by nine inches, as was specified in the written contract. There are other variances in the contract also claimed, but the main contention rested upon this departure from the written contract.

The plaintiff produced evidence that the original contract was in fact made, that the book should conform to another book furnished as a sample, which was upon paper five by seven inches, as was this publication, and that the dimensions of six by nine inches, given in the written contract, were inserted by mistake of the plaintiff's manager. Evidence was offered to the effect that upon the discovery of the mistake, which was within a few days of the signing of the contract, the attention of the defendant was called to the mistake by the plaintiff's stenographer, and that the stenographer was told by the defendant to proceed with the publication according to this sample and the book was so printed. A substantial number of these books appear to have been printed and submitted to the defendant and accepted by him without protest, and the whole edition was finally ordered and printed and the defendant has refused to pay for the same upon the ground of the alleged imperfections and variances from the contract.

Without discussing in particular the testimony of different witnesses, it is sufficient to say that, upon a careful examination of the evidence, we are of the opinion that the verdict of the jury was against the weight of evidence, for which the plaintiff should be entitled to a retrial of the case. We are also of the opinion that the plaintiff is entitled to a new trial for an error in a ruling of the learned court. In summing up to the jury the plaintiff sought to read from the defendant's answer. This was objected to, as the answer was not in evidence, and the court ruled that the objection was well taken. The court said: " They are not in evidence — never

in evidence except for the purpose of some contradiction which you must call to the attention of the witness at the time." This ruling is contrary to the law as stated in *Field* v. *Surpless* (83 App. Div. 268, 271), and in *Holmes* v. *Jones* (121 N. Y. 466).

For the foregoing reasons the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

This court reverses the finding of fact that the plaintiff failed to perform the contract upon its part.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.