QUINN v. NEESON.

(Superior Court of Buffalo, Trial Term.   October 1, 1892.)

PLEADINGS AS EVIDENCE.
  The pleadings in a case cannot be considered by the jury as evidence in favor of the pleader.

Action by Neal J. Quinn against John Neeson.   There was a verdict for defendant, and plaintiff moves for a new trial.   Motion granted.

George W. Cothran, for plaintiff.

Laughlin, Ewell & Haupt, for defendant.

TITUS, C. J.   The only question presented on this motion for a new trial is the one raised by the exception taken by the plaintiff's counsel to the ruling of the court on the request of the defendant's counsel. After the charge had been made, the defendant's counsel requested the court to charge the jury "that the answer of the defendant may be considered as part of the evidence."   The jury were instructed as requested, and the plaintiff's counsel excepted.   The complaint alleged that the defendant set his dog upon the plaintiff, biting and injuring him.   This was the gist of the action.   The defendant, by his answer, denied the allegation.   On the trial the defendant was sworn as a witness, but did not in terms deny the charge that he set the dog upon the plaintiff.   It therefore became pertinent and material in the case, and the jury were undoubtedly influenced by the charge to the prejudice of the plaintiff, if error was committed.   I think, on examining the authorities, that error was committed.   The jury were, in effect, instructed that the allegation of denial contained in the answer should be taken and considered by them as evidence of the fact that the defendant did not set his dog upon the plaintiff.   While the pleadings are before the court for many purposes, yet they cannot be considered by the jury as evidence in favor of the pleader to prove facts required to establish his case.   In Tisdale v. Canal Co., 116 N. Y. 416, 22 N. E. Rep. 700, it was said that the pleadings are before the court, not as evidence, but to point out the object to which the evidence is to be directed. In Holmes v. Jones, 121 N. Y. 461, 24 N. E. Rep. 701, Judge Earl, in the opinion of the court, in speaking of the right of an attorney to read and comment upon the answer of his adversary in his address to the jury, says: "To the reading of this the counsel for the defendant objected, for the reason that it had not been read in evidence. The judge overruled the objection, remarking:   'It is not in evidence, but it is part of the record, and for the purpose of ascertaining what the issue is it may be referred to;'" and held that no error has been committed; citing 116 N. Y. 416, 22 N. E. Rep. 700, and White v. Smith, 46 N. Y. 418.   It will be noticed that the ruling of the trial judge was that it might be referred to, but not as evidence in the case.   In the case under consideration it was expressly charged that the answer might be considered by the jury as evidence in the case.   The verdict of the jury should be set aside, and a new trial granted, with costs to abide the event of the action.