month, and claimed to have had one in the latter part of February, the substance of which has been stated. Great stress has been laid by the defendant upon the testimony of Gibbs, but, as seen, the same related only to the conversation claimed to have been had at the time last mentioned; and hence the defendant's testimony, except in this particular instance, was not corroborated. The mere fact that the alleged refusal of the defendant to allow the plaintiff's assignors to perform during the month of March depended entirely upon plaintiff's testimony, and which was contradicted by the defendant, did not authorize a direction in favor of the latter. "The testimony is not necessarily balanced," observed Rumsey, J., who wrote in Felbel v. Kahn, 29 App. Div. 270, 272, 51 N. Y. Supp. 436, "because one witness swears one way and one another, but ordinarily, unless there is some great discrepancy between the testimony and established facts, which necessarily shows that one or the other witness is mistaken, or is not telling the truth, the question must be determined precisely as though there were more than one witness on each side." Apart from this, the alleged conversation related entirely to but one out of possibly a number of conversations, which may have been had between the parties upon the subject; and as the one testified to related largely, if not entirely, to the coal-cinder filling, the same can have no great force, in view of the fact that the plaintiff's assignors were not, by the terms of the contract, obliged to do any above the first story. Moreover, it appears from Gibbs' testimony that he advised the plaintiff to consult his partners regarding the matters in difference, and report at an early day; and thus, according to his testimony, there was not a refusal to proceed with the work, as the trial justice erroneously assumed.

It logically results from these views that the trial justice erred in directing the said verdict, and the judgment entered thereon must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(25 Misc. Rep. 704.)

### LIEBERMAN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. January 23, 1899.)

1. INFANTS—LOSS OF WAGES—RIGHT TO DAMAGES.
    An infant cannot recover damages for loss of wages unless he has been emancipated.

2. SAME—ALLEGATION OF EMANCIPATION.
    An allegation in a petition by an infant for the appointment of a guardian ad litem, that deponent "is unable to perform any work, and has been seriously injured and damaged," is not an allegation of emancipation, evidence of which entitles the infant to damages for loss of wages.

3. EVIDENCE—PLEADINGS.
    The allegations in a pleading are not admissible as evidence in favor of the pleader.

4. JUDGMENTS—CONCLUSIVENESS—PARTIES IN DIFFERENT CAPACITIES.
    A judgment in favor of an infant for damages for loss of wages in an action by his father as guardian ad litem is not conclusive against the individual right of the father to recover for the loss of the same services.

**5. APPEAL—REMITTITUR.**
>Where a judgment in favor of an infant contains an improper element of damages, consisting of loss of wages, and the amount of such item clearly appears, he will be allowed to enter a remittitur.

Appeal from city court of New York, general term.

Action by Louis Lieberman, an infant, by Abraham Lieberman, his guardian ad litem, against the Third Avenue Railroad Company. From a judgment of the general term of the city court (54 N. Y. Supp. 574) affirming a judgment for plaintiff, defendant appeals. Affirmed on condition of remittitur.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Herbert R. Limburger, for appellant.

Max D. Steuer and A. S. Levy, for respondent.

GIEGERICH, J. This action was brought by the infant plaintiff, through his father, as his guardian ad litem, to recover damages claimed to have been sustained by the plaintiff while alighting from one of the defendant's cable cars. By answer, the defendant interposed a general denial, and averred that the injuries, if any, sustained by plaintiff, were caused solely by his negligence. When the accident happened, the plaintiff was 20 years of age, and resided with his father. The jury rendered a verdict in his favor for $1,250; and, the judgment entered thereon having been affirmed by the general term of the city court of New York, the defendant has taken this appeal.

Upon the trial the plaintiff's counsel asked the court to charge:

>"That, in considering what plaintiff has suffered, they are to consider the loss of time and wages as testified to by the plaintiff; that one of the elements of damages is loss of wages pleaded and proved."

Whereupon the court charged the jury:

>"Counsel has correctly stated that a proper element of damage to the plaintiff, although he be a minor, is his loss of wages, if you believe that he lost them as the result of the accident; provided, of course, that you believe, under the rules I have laid down to you, that he is entitled to any damage at all."

The exception noted by the defendant to such instruction forms the basis of the only question presented for our consideration upon this appeal.

The father was entitled to plaintiff's services and earnings during his minority, unless the latter was emancipated when the accident occurred. Shute v. Dorr, 5 Wend. 204; Stanley v. Bank, 115 N. Y. 122, 134, 22 N. E. 29; Tiff. Pers. & Dom. Rel. § 126. The complaint failed to allege, nor was there any evidence whatever, that plaintiff was emancipated. The mere allegation "that the plaintiff has been, since the happening of the accident, unable to give his time and attention to his regular employment, and has been unable to do anything in consequence of the injuries which he sustained, thereby causing him to lose his wages and his regular income," was not evidence of the matters so alleged. Drew v. Andrews, 8 Hun, 23; Tisdale v. Canal Co., 116 N. Y. 416, 22 N. E. 700; Holmes v. Jones.

121 N. Y. 461, 24 N. E. 701; Quinn v. Neeson (Super. Buff.) 21 N. Y. Supp. 106.

The petition of the plaintiff for the appointment of his father as guardian ad litem herein, put in evidence by his counsel, does not, as erroneously assumed by the court below, contain any averment from which it might be inferred that he had been emancipated. The only allegation pertaining to such proposition is "that this deponent * * * is unable to perform any work, and has been seriously injured and damaged in at least, as he believes, the sum of two thousand dollars." This certainly does not show an emancipation, but is, at most, a statement that the plaintiff's injuries are of such a character as to prevent the performance of any work.

The plaintiff insists, however, that his father would be estopped from maintaining an action against the defendant for the loss of the earnings in suit, because he, as guardian ad litem, verified the complaint in this action, which contains the averment respecting the plaintiff's alleged inability to perform any service or earn any wages by reason of the injuries claimed to have been sustained, as above set forth in full. It is well settled that an estoppel with respect to a material allegation in a pleading can only arise where the subsequent action is between the same parties, and the plaintiff is suing in the same right or capacity. Rathbone v. Hooney, 58 N. Y. 463; Landon v. Townshend, 112 N. Y. 93, 19 N. E. 424; Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69; Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262; Clason v. Stewart, 23 Misc. Rep. 177, 51 N. Y. Supp. 1100; Leggott v. Railway Co., 1 Q. B. Div. 599; 7 Am. & Eng. Enc. Law, p. 3.

In Collins v. Hydorn, supra, O'Brien, J., speaking for the court, said (page 324, 135 N. Y., and page 70, 32 N. E.):

"The mere fact that the same persons are litigants in the two actions is not always sufficient to satisfy the rule of res adjudicata. The same person may, in law, be considered another person, and consequently another party, by suing in another capacity. * * * The rule is that a former judgment concludes the party only in the character in which he was sued, and therefore a judgment for or against an executor, administrator, assignee, or trustee, as such, presumptively does not preclude him, in a different cause of action affecting him personally, from disputing the findings or judgment, though the same questions are involved."

"The rule about the estoppel," said Mellor, J., in Leggott v. Railway Co., supra (page 606), "is very correctly, I think, laid down in the note to the Duchess of Kingston's Case, 2 Smith, Lead. Cas. (7th Ed.) p. 792. It is this: 'It must be observed that a verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity, and, in fact, is a different person in law.' In other words, it is generally put in the books that the plaintiff must not be only the same person, but must be suing in the same right."

Following these adjudications, it must result that this father, the guardian ad litem, would not be estopped from maintaining a separate action personally for the loss of the earnings of his son during the period in question, and hence the trial justice erred in charging, as he did, that the jury might award damages for loss of wages.

The defendant insists that, for the error so committed, the judgment should be reversed, and a new trial granted; but, as the value of such services clearly appears, viz. $208, we are inclined to adopt the

suggestion of the plaintiff to sustain the judgment if it be reduced by that amount, provided he will stipulate within 10 days after the entry of the order to deduct the above-mentioned sum; and in that event the judgment, as so modified, will be affirmed, without costs; otherwise, the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.