### NEMOROFSKIE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  March 24, 1904.)

1. INFANTS—ACTION FOR INJURY—LOSS OF WAGES.
   In an action by an infant for injury there can be no recovery for loss of wages, he not being shown to be emancipated.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Gedilia Nemorofskie, by guardian, against the Interurban Street Railway Company.  From a judgment for plaintiff, defendant appeals.  Reversed conditionally.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Henry Kuntz, for respondent.

FREEDMAN, P. J.  This is one of the ordinary actions to recover for personal injuries alleged to have been sustained by plaintiff while alighting from one of defendant's cars.  Upon the trial it developed that the plaintiff was an infant, and a guardian ad litem was appointed by the court.  Prior to this fact having been shown, the plaintiff had been allowed to show, over defendant's objections and exceptions, that he had been earning the sum of $15 per week, and had been unable to work for a period of six weeks by reason of his injuries.  Plaintiff obtained a judgment for the sum of $150 damages.  There was no testimony in the case showing that the plaintiff was entitled by emancipation to recover for his earnings, and, being under age, they belonged to his father (Lieberman v. 3rd Ave. R. R. Co., 25 Misc. Rep. 704, 55 N. Y. Supp. 677); and neither was loss of earnings pleaded.  Unless the plaintiff will stipulate within 10 days to reduce the judgment to the sum of $60 and costs in the court below, the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event.  If plaintiff so stipulates, the judgment, as thus modified, will be affirmed, without costs of this appeal to either party.  All concur.