.JASPER F. CROPSEY *v.* CORNELIUS MURPHY.

Anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another is a private nuisance.

A fat-boiling establishment is a nuisance within the meaning of this rule, if it infect the air with noisome smells, or with gases injurious to the health.

Proof that the plaintiff cannot enjoy his property in a full and ample manner by reason of the acts of the defendant—as, for example, that he cannot find tenants for his house on account of the noisome odors produced by the nuisance complained of—is sufficient proof of special damage to sustain an action to recover compensation therefor.

Although the damages awarded in such an action by the court below (in this case, the Marine Court) may seem to be excessive, this court will not disturb the judgment on that account.

APPEAL by defendant from a judgment of the Marine Court. This action was brought by the plaintiff, the owner of a house in Forty-fourth street, between the Ninth and Tenth avenues, to recover damages for injuries occasioned by a fat-boiling establishment belonging to the defendant, and situated on the adjoining lot. It appeared by the testimony of John Van Wagoner, the plaintiff's agent, that the house had previously been leased at $59 per month, but that, after the defendant's fat-boiling establishment was placed there, he found it impossible to lease it, and the house remained in consequence, to a large extent, unoccupied. There was also evidence from a number of witnesses, including former tenants of the plaintiff, of the unpleasant and unhealthy odors coming from the establishment. The defendant's counsel moved for a nonsuit, alleging, as his grounds, 1st,

That no cause of action was shown; and, 2d, That no special damage was proven. The motion was denied, and an exception was taken. Some evidence was offered on behalf of the defendant, contradicting that of the plaintiff, to show that the place was orderly and well kept; but evidence to the contrary was given by the health inspector and the alderman of the ward, as well as a number of other witnesses on the part of the plaintiff. Judgment for $250 and costs was rendered in his favor. The appeal was submitted on the return without argument.

*Doheny and Hurley*, for the appellant.

*James Gridley*, for the respondent.

BRADY, J.—This was an action brought to recover damages for an alleged nuisance, created by boiling fat, and the justice rendered judgment for the plaintiff, assessing his damages at $250. But one exception was taken on the trial, and that to the decision of the justice denying a nonsuit. The motion for a nonsuit was founded on two reasons:

*First*, No cause of action shown; and,

*Second*, No special damages proven.

Nuisances are of two kinds—public, or common nuisances, and private nuisances. Private nuisance may be defined to be anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another. 3 Bl. Comm. 215. Nuisances to one's dwelling house are, all acts done by another which render the enjoyment of life within the house uncomfortable, whether it be by infecting the air with noisome smells, or with gases injurious to health. 2 Greenleaf's Evidence, page 467, citing several authorities. In proof of damages, it is sufficient for the plaintiff to show that, by reason of the injurious act or omission of the defendant, he cannot enjoy his right in as full and ample a manner as before, or that his property is substantially impaired in value. Where the damages are consequential, or affect relative rights, some damage must be proved. 2 Greenleaf, *supra*,

pp. 473 and 472, and cases cited. The proof in the court below was abundantly sufficient to establish the requirements of the law, and the cause of action was proved. The special damage which the defendant insisted should be shown, was shown by John Van Wagoner, the first witness examined, and the justice would have erred to have granted a nonsuit.

This is the only question presented on the return, the finding of the court being upon questions of fact merely. The damages seem to be excessive, but the judgment will not be disturbed for that reason. *Pierce* v. *Dart* (7 Cowen, 609) was a *certiorari* from a justice's court, where the plaintiff sued for damages occasioned by defendant's building a fence across a public highway, near the residence of the plaintiff. He complained that he had received special damage.

The court, in conclusion, say, that the plaintiff was certainly put to some expense. True, the injury was trivial, and it is not difficult to see that the damages are excessive. But we cannot interfere on that ground, where the action below is for a tort.

Judgment affirmed.